FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL A.,[1] <br><br>          Plaintiff, <br><br>     v. <br><br> FRANK BISIGNANO <br> COMMISSIONER OF SOCIAL <br> SECURITY,[2] <br><br>        Defendant. | NO: 1:24-CV-03183-RLP <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision, denying disability income benefits under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. ECF No. 9. For the reasons set forth below, Mr. A's Brief, ECF No. 9, is granted in part and denied in part and the Commissioner's Brief, ECF No. 15, is granted.

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Frank Bisignano is substituted for Leland Dudek as the defendant in this suit.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 1

# BACKGROUND

Mr. A filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income on May 12, 2022, alleging onset May 6, 2022. AR 250, 258. His claims were denied initially on March 30, 2023, and upon reconsideration on June 9, 2023. AR 174-180; 183-190. Mr. A thereafter filed a written request for a hearing, which took place on June 13, 2024. AR 076.

On June 24, 2024, the ALJ issued an unfavorable decision, AR 018, and the Appeals Council denied review. AR 001. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

# STANDARD OF REVIEW

The Court must reverse the Commissioner's findings if the denial of benefits is unsupported by substantial evidence or an incorrect legal standard was used in making the decision. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014). The Court on review considers the record as a whole, not just evidence supporting the Commissioner's decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court may look only to the reasons provided by the ALJ in the decision and may not affirm the Commissioner on a ground on which the ALJ did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

//

# FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c),

416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 4

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. A has not engaged in substantial gainful activity since May 6, 2022, the alleged onset date. AR 017. At step two, the ALJ found that Mr. A has the following severe impairments: diminished vision; substance abuse disorder; panic disorder; attention deficit hyperactivity disorder; depression; and post-traumatic stress disorder. *Id*. at 017-18.

At step three, the ALJ found that Mr. A does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id.*

With respect to RFC, the ALJ found Mr. A maintained the RFC to perform medium work as defined in 20 §§ CFR 404.1567(c) and 416.967(c) with the following exceptions:

> the claimant cannot perform tasks that require precise near acuity, such as threading a needle or reading small print type instructions, but can use computers or other machinery that permits the user to enlarge text easily; should not drive as part of the job; has the ability to avoid ordinary hazards in the workplace (e.g. boxes on the floor, doors ajar, etc.); can never be exposed to workplace hazards such as dangerous moving mechanical parts and high exposed places; has the ability to understand, remember, and carry out instructions to perform simple tasks; would be limited to an isolated work setting defined as follows: could not perform jobs that involve working in close coordination with others, and therefore could only perform work requiring no more than occasional interaction with coworkers or supervisors and no interaction with the general public

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 5

*Id*. at 19-20.

At step four, the ALJ found Mr. A is capable of performing past relevant work as a production assembler, as well as a significant number of other jobs that exist in the national economy. AR 026. Based on these adverse findings, the ALJ determined that Mr. A has not been under a disability, as defined in the Social Security Act, from May 6, 2022, through the date of the decision. AR 027.

DISCUSSION

Mr. A contends the ALJ erred in assessing his RFC. According to Mr. A., his RFC is consistent with disability, and the ALJ improperly assessed his testimony and the medical opinion evidence. He argues that the RFC finding compels remand for benefits. The Commissioner concedes that remand is warranted, but contends the appropriate remedy is to remand for further proceedings because the record before the Court does not conclusively establish Mr. A's disability status.

a. *Residual Functioning Capacity and Vocational Expert Testimony*

Mr. A contends the ALJ erred in finding his RFC inconsistent with disability and that remand for benefits is the appropriate remedy. He points out that, as determined by the ALJ, Mr. A. can only work in an isolated setting, "requiring no more than occasional interaction with coworkers or supervisors." AR 20. But during testimony, the vocational expert stated that an individual with Mr. A's limitations would not be able to complete the training period for a "typical, unskilled job." AR

109. Case law indicates that person who cannot stay in unskilled job beyond the initial training period is unable to engage in substantial gainful activity. *Gatliff v. Comm'r of the SSA*, 172 F.3d 690, 694 (9th Cir. 1999) ("Substantial gainful activities means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time"). *See also Sczepanski v. Saul*, 946 F.3d 152, 159 (2nd Cir. 2020) ("the ability to keep a job is a necessary prerequisite to the ability to engage in [SGA]"). The inability to engage in substantial gainful activity meets the criteria for a disability.

The Commissioner agrees that the ALJ erred in failing to assess the testimony of the vocational expert. Where the parties disagree is the appropriate remedy. The Commissioner argues this case must be remanded for further proceedings. Mr. A. claims the matter should be remanded for an immediate award of benefits. The Court agrees with the Commissioner.

It is proper to remand for an immediate award of benefits when: 1) the record has been fully developed and further proceedings would serve no useful purpose; 2) the ALJ did not give legally sufficient reasons to reject the evidence; and 3) the improperly discounted evidence would compel disability. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Here, despite the ALJ's error, the record is inconclusive as to whether Mr. A. is disabled. Mr. A. has past relevant work. At the very least, it remains unclear

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 7

as to whether the training period limitation applied to Mr. A's past relevant work. Given this ambiguity, it is not evident Mr. A is disabled based on the RFC.

This matter must therefore be remanded with instructions that the ALJ take new vocational expert testimony and resolve any conflicts in the expert's testimony.

b. *Medial Opinion Evidence Used to Determine the Residual Functional Capacity*

Mr. A contends the ALJ improperly analyzed several medical opinions that would have supported a finding of disability. This criticism appears to go to the ALJ's assessment of Mr. A.'s residual functional capacity, which is the portion of the ALJ decision that addresses the opinions at issue.

Mr. A contends the ALJ erred by not addressing the supportability and consistency factors when assessing the persuasiveness of Dr. Thomas Genthe's 2022 medical opinion, Dr. Morgan's 2024 medical opinion, and the medical opinions of the state agency psychological consultants. Mr. A further contends the ALJ improperly disregarded Dr. Genthe's 2020 medical opinion and Dr. Carstens's 2022 medical opinion.

Supportability and consistency: An ALJ must address the persuasiveness of a medical opinion using the supportability and consistency factors. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). Here, the ALJ rejected Dr. Genthe's 2022 medical

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 8

opinion, Dr. Morgan's 2024 medical opinion, and the medical opinions of state agency psychological consultants as poorly supported and inconsistent with Mr. A's ability to perform some activities, including self-care, going to church and the gym, and preparing meals.

The Court agrees with Mr. A. that the ALJ failed to explain why the three opinions were unsupported. In addition, the record is too thin to support a claim of inconsistency. The reports regarding Mr. A.'s attendance at the gym and church are derived from brief comments in Mr. A.'s record. They were not explored in Mr. A.'s hearing testimony and are not necessarily inconsistent with Mr. A.'s claim that his disability prohibits him from getting along with others in a work setting. During his hearing testimony, Mr. A. explained he would go to the store "early in the morning or early at night" so that he could "get in and get out" without other people around. AR 091. This is not inconsistent with the medical opinion testimony.

The ALJ's reasons for rejecting the medical opinion testimony were inadequate. Remand is therefore appropriate.

While remand is appropriate, the Court again disagrees with Mr. A. that this case should be remanded for an award of benefits. In making this assessment, the Court recognizes that the medical opinions recited by the ALJ conclude that Mr. A. has marked limitations in his ability to function in a work setting. Nevertheless, there are some ambiguities. For example, a February 25, 2023 psychiatric evaluation

found Mr. A. "can maintain effective social interaction on a consistent basis, with supervisors, co-workers, and the public" and that he "can deal with normal pressures in a competitive work environment." AR 661. But the same evaluator inexplicably concluded Mr. A. had marked or extreme limitations in his ability function in a work environment. AR 662-63. The Court agrees with the Commissioner that the record is not conclusive as to whether Mr. A. is disabled. This is not an exceptional case where the matter must be remanded for an award of benefits.

Disregard of medical opinions: An ALJ must consider all medical opinion evidence, even that which predates the alleged onset of a disability. *Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012); *see also* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Here, the ALJ found Dr. Genthe's 2020 medical opinion unpersuasive because it predated Mr. A's onset date and ALJ did not consider Dr. Carstens's 2022 medical opinion at all. The failure to consider these opinions was error. Both must be considered on remand.

c. *Symptom Testimony Used to Determine the Residual Functional Capacity*

Mr. A contends the ALJ improperly concluded that Mr. A.'s mental health exams and daily activities are inconsistent with his claimed level of disability. This argument again appears to go to the ALJ's assessment of Mr. A.'s residual functional capacity.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 10

An ALJ may reject a claim of disability based on daily activities, "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), *quoting Fair v. Brown*, 885 F.2d 597, 603 (1989). "The ALJ must make 'specific findings relating to [the daily activities]' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id*., *quoting Burch v. Barnhart*, 400 F.3d 676, 681 (2005).

Here, as conceded by the Commissioner, the record is ambiguous as to whether Mr. A.'s daily activities contradict his claim of disability. As previously noted, much of the daily activity information is derived from brief and vague statements in the written records. On remand, the ALJ shall assess Mr. A.'s daily activities and if the ALJ determines the daily activities undermine Mr. A.'s claim of disability, the ALJ shall explain why Mr. A.'s specific activities are transferable to the work environment.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

//

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 11

Accordingly,

1.    Mr. A's Brief, **ECF No. 9**, is **GRANTED** in part and **DENIED** in part.

2.    The Commissioner's Brief, **ECF No. 15**, is **DENIED**.

3.     This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Mr. A. and the file shall be **CLOSED**.

**DATED** August 1, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION ~ 12